LAND, Justice
 

 (dissenting).
 

 The Court of Appeal, Second Circuit, requests instructions upon the following que« tion of law:
 

 
 *1009
 
 “May the provisions of section’ 20 of Act No. 20 of 1914, as amended, be availed of by plaintiff and the judgment, whereunder some of the payments were made after the present suit was filed, he modified by Increasing the term of compensation to 400 weeks; or, conversely, is he barred from such a course by the plea of res judicata?”
 

 The facts disclosed by the record are substantially as follows:
 

 On August 17, 1934, plaintiff filed suit in the Fourth District Court for the parish of Ouachita, against defendant, Southern Carbon Company, his employer, for compensation at the rate of $20 per week for a period not exceeding 400 weeks, on the ground that he was totally and permanently disabled, and for $250 doctor’s bills.
 

 On January 9, 1934, .judgment was rendered in plaintiff’s favor in the lower court as prayed for. On appeal to the Court of Appeal, Second Circuit, this judgment was modified so as to award compensation pursuant to the provisions of section 8, subsec. (1) (d) (7), of the statute.
 

 Regarding the modification of the judgment, the Court of Appeal, 162 So. 430, 434, said:
 

 . “The lower court found plaintiff to be totally and permanently disabled, and awarded him judgment for a period of not more than 400 weeks. In this respect the judgment is erroneous. The injury to plaintiff is localized in the foot and lower leg, all below the knee, and he is entitled to. judgment for the loss of a foot only, or for 125 weeks. Calhoon v. Meridian Lumber Company, 180 La. 343, 156 So. 412.”
 

 Applications for rehearing, applied for by both plaintiff and defendant, were refused by the Court of Appeal. Thereafter plaintiff applied to the Supreme Court for a writ of certiorari, which was denied.
 

 Payment of compensation was commenced later, as required by the provisions of the judgment.
 

 On October 31, 1936, while there remained unpaid six of the weekly compensation benefits, plaintiff instituted the present suit, in which he alleged that the infection from the original foot injury had spread and increased, and that, since the 'rendition of the judgment and trial of the first suit, his physical condition had gradually grown worse and his disability had increased. The prayer of plaintiff is for judgment modifying the judgment in the first suit, and ordering payment to .him of compensation during disability, not exceeding 400 weeks, less such payments made prior to the trial of the present suit.
 

 Defendant then'filed a plea of res judicata, exceptions of no' cause and no right of action, and a plea of payment and satisfaction. These were overruled. Issue was then joined by defendant’s answer in which it reserved all rights under the aforementioned exceptions and pleas, denied that the condition of plaintiff had changed, and re-pleaded its pleas of res judicata and payment and satisfaction.
 

 After a trial in the lower court, judgment was rendered in plaintiff’s favor as prayed for. From this judgment deféndant prosecuted an appeal to the Court of Appeals, Second Circuit, which sustained the plea of
 
 *1011
 
 res judicata, reversed and set aside the judgment appealed from, and dismissed plaintiff’s suit at his costs..
 

 Plaintiff applied for a rehearing which was granted, in order that this application for instructions might be made.
 

 Section 20 of the compensation law, Act No. 20 of 1914, as last amended by Act No. 85 of 1926, provides:
 

 “That a judgment of compensation may be modified by subsequent agreement between the parties, with the approval of a Judge of a Court which rendered the judgment sought to be modified, at any time after six months after said judgment of compensation shall have been rendered^ by the Judge of the trial Court it shall be reviewed by a judge of the Court that rendered the judgment sought to be modified upon the application of either party, on the ground that the incapacity of the employee has been subsequently diminished or increased, or upon the ground that the judgment was obtained through error, fraud or misrepresentation. In such cases the provisions of paragraph 1 and 3 of Section 9 and Section 10 with reference to medical examination shall apply.”
 

 Defendant contends, however, that this provision has no application where the disability has been once adjudicated and where it has been held by a final judgment that, regardless of the incapacity, the recovery is limited to a specific provision of the act.
 

 Under the subsection 1 of section 8 of Act No. 20 of 1914, as amended by Act No. 242 of 1928 (page 357), it is provided as follows:
 

 Section 8, subsec. 1(b) “For injury producing permanent total disability to do work of any reasonable character, sixty-five per centum of wages during the period of disability, not, however, beyond four hundred weeks.”
 

 But under subsection 1 of section 8(d) of the act, it is provided:
 

 “In the following cases the compensa;-, tion shall be as follows: * * *
 

 “7. For the loss of a foot, sixty-five per centum of wages during one hundred and twenty-five weeks. * * *
 

 “14. A permanent total loss of the use of a member is equivalent to the amputation of the member.”
 

 In Barr v. Davis Bros Lumber Co., 183 La. 1013, 165 So. 185, this court said, at page 1023, 165 So. at page 188:
 

 “In discussing the McGruder Case, we differentiated it from the cases of Calhoon v. Meridian Lumber Co., La.App., 151 So: 778, 779; Id., 180 La. 343, 156 So. 412 and James v. Spence & Goldstein, 161 La. 1108, 109 So. 917, saying:
 

 “The difference between those cases and the one at bar is that they were not brought under the general disability provisions of the statute, whereas in this case plaintiff’s suit was brought under those provisions of the statute and he stressed the proposition all through that the accident.-had totally disabled him, and he asked for compensation for total disability. He alleged that he was permanently totally disabled, but he failed to prove that; the testimony showing that he was totally disabled for a period of only 51 weeks.”
 

 
 *1013
 
 • In the case at bar, it is true that plaintiff brought his suit under the general disability provision of the statute, Act No. 20 of 1914, § 8, subsec. 1(b), as amended by Act No. 242 of 1928. But the Court of Appeal, Second Circuit, held that plaintiff was not entitled to recover at all under that general disability provision, but was entitled to recover only under paragraph (d)
 
 “7.
 
 For the loss of a foot, sixty-five per centum of wages during one hundred and twenty-five weeks”; and this court approved that - judgment by refusing an application for a writ of review.
 

 Conceding that this decision was erroneous under the later cases of Barr v. Davis Lumber Co., 183 La. 1013, 165 So. 185, and of McGruder v. Service Drayage Co., Inc., 183 La. 75, 162 So. 806, yet it is manifest that it is final, and that its finality cannot be affected by these subsequent decisions, and, whether right or wrong, it has the full authority and effect of the thing adjudged.
 

 It is to be observed that compensation, under section 8, subsec. 1 (b), of Act No. 20 of 1914, as amended by Act No. 242 of 1928 (page 357), for injury producing permanent total disability to do work of any reasonable character, is payable only during the period of disability, but not, however, beyond 400 weeks.
 

 Necessarily, the payment of this compensation is not in a lump sum, but is only by installment during the number of weeks that the disability continues. If the disability diminishes, at any time after 6- months after the judgment of compensation shall have been rendered, the employer may apply to the judge rendering the judgment to have the compensation decreased; or if the disability increases, then the employee may apply to have the compensation enlarged, not, however, beyond 400 weeks. And if the disability has ended, after a certain number of weeks, the judgment may be set aside entirely.
 

 In other words, the payment of the compensation depends entirely on the continuance of the disability, and is increased or diminished, as the incapacity increases or diminishes.
 

 If the injured employee has received compensation for 400 weeks, the full term of the statute, he cannot continue to demand compensation after that period, should his disability continue.
 

 But the compensation for specific injuries under section 8, subsec. 1 (d), of the statute (page 357) for the loss of a hand, the loss of an arm, the loss of a foot, etc., is not made to depend upon the continuance .of the disability, or its increase, or its decrease, as in section 8, subsec. 1 (b), for injury producing permanent total disability.
 

 It is provided under this section:
 

 “(d) In the following cases the compensation shall be as follows: * * *
 

 “7. For the loss of a foot, sixty-five per centum of wages during one hundred and twenty-five weeks. * * *
 

 “14. A permanent total loss of the use of a member is equivalent to the amputation of the member.”
 

 This is a fixed, compensation for a fixed period of 125 weeks, and is not made
 
 *1015
 
 subject to fluctuation either by increase or decrease of the disability.'
 

 The compensation fixed for a permanent total disability under section 8, subsec. 1 (b), of the statute is placed at “sixty-five per centum of wages during the period of disability, not, however, beyond four hundred weeks.”
 

 The compensation for the loss of a foot is fixed at 65 per centum of wages, “not, however, beyond one hundred and twenty-five weeks,” but “during one hundred and twenty-five weeks,” not a week more, nor a week less.
 

 ' When the judgment of the Court of Appeal, Second Circuit, for the loss of a foot was affirmed by this court, under a writ of review, it is certain that this judgment became a final judgment. As plaintiff has received all of the compensation allowed him by law for the loss of a foot, this judgment cannot be modified to allow plaintiff additional compensation, any more than if plaintiff had received all the compensation allowed him by law for a total permanent disability during 400 weeks.
 

 The lawmaking power is not vested in the courts of this state, but in its Legislature. This court is powerless, therefore, to rewrite the compensation statute, which establishes a fixed compensation for certain specific injuries for certain fixed periods, instead of a fluctuating compensation, depending upon the increase or decrease of the incapacity during the period of disability.
 

 For these reasons, I dissent from the instructions given in the majority opinion to the Court of Appeals, Second Circuit, in this case.
 

 ODOM, J., concurs.